IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-24-00313 |
| RONTHANY WARD, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Ronthany Ward's Motion to Reconsider Detention Order and Grant Release (ECF No. 60). The Court will deny the Motion.

Ward is charged with several counts relating to drug trafficking and firearms possession. (*See generally* ECF No. 15.) After Ward's arrest, the government moved for pretrial detention. After holding a hearing, Magistrate Judge Austin ordered that Ward be released subject to several conditions. (ECF No. 22.) The government sought review of this order by Judge Rubin. Judge Rubin held a hearing (ECF No. 30) and ordered that Ward be detained pretrial (ECF No. 31). Approximately two months later, Ward's codefendant—Misael Gonzalez—was arrested. Magistrate Judge Aslan ordered that Gonzalez be released pretrial and the government did not seek review of this ruling. (ECF No. 45.)

Ward now seeks reconsideration of Judge Rubin's order that he be detained pretrial. Ward claims that because he is similarly situated to Gonzalez, he should also be released. He also contends that continued detention would violate the Due Process Clause because of its excessive length.

The Court has reviewed the record, including Judge Rubin's order which is grounded in information presented to her at a hearing, and declines to reconsider her conclusion. A detention

hearing may only be reopened if new information becomes available which shows that there are conditions of release which assure the defendant's appearance and protect the safety of the community. 18 U.S.C. § 3142(f)(2)(B). Different treatment of different defendants does not warrant reconsideration under this standard. *See, e.g., United States v. Viefhaus*, 113 F.3d 1247, at *1 (10th Cir. 1997) (table); *United States v. Marshall*, No. 8:23-CR-86, 2025 WL 343502, at *5 (D. Neb. Jan. 30, 2025); *United States v. Rivers*, No. 19-20492, 2021 WL 5234516, at *1 (E.D. Mich. Nov. 10, 2021). Accordingly, this argument lacks merit.

Ward's Due Process argument also fails. While there may come a point at which excessive pretrial incarceration can violate Due Process, it is not reached here. *See, e.g., United States v. Bowers*, No. 1:24-CR-00039-MJM, 2024 WL 4149845, at *2 (D. Md. Sept. 10, 2024). In making this inquiry, courts consider several factors, including the weight of the evidence favoring detention, the length of pretrial incarceration, and the government's responsibility for pretrial delay. *United States v. Bradley*, No. 3:16-CR-50008, 2020 WL 6703802, at *3 (W.D. Va. Nov. 13, 2020). In her original Order of Detention, Judge Rubin noted the strength of the evidence against Ward and his risk of flight. (ECF No. 31.) The Court agrees with Judge Rubin's assessment. As to length of incarceration, Ward has now been detained for approximately one year. But Ward did not seek a trial right away; rather, he has consented numerous times to tolling of the speedy trial clock. (*See, e.g.*, ECF Nos. 47, 54.) And similar lengths of pretrial detention have routinely been approved. *See, e.g., United States v. Bryant*, No. CRIM. 3:04CR00047, 2006 WL 482430, at *5 (W.D. Va. Feb. 27, 2006) (finding that nineteen months of pretrial detention did not violate Due Process); *United States v. Miles*, No. 19-20720, 2021 WL 1388162, at *3 (E.D. Mich. Apr. 13, 2021) (same but for one year).

Accordingly, it is hereby ORDERED that Ward's Motion to Reconsider Detention Order and Grant Release (ECF No. 60) is DENIED.

DATED this 20 day of November, 2025.

BY THE COURT:

James K. Bredar
United States District Judge